UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2012 MAY 17 PM 2: 19

BY_____ CLERK
DEPUTY CLERK

**Marcel Cyr**,
*Plaintiff*

*v.*

No. 1:12-cv- **105**

**Addison Rutland Supervisory Union**,
*Defendant*

## Complaint

This suit challenges a public school supervisory union's decision to ban a parent from attending and participating in public meetings without notice or a meaningful opportunity to be heard, and seeks redress for its failure to produce public records about that decision.

### *Jurisdiction and Venue*

1. This Court has jurisdiction over this dispute by virtue of its authority to hear federal questions, 28 U.S.C. § 1331, and other claims that are so related as to form part of the same case or controversy.  28 U.S.C. § 1367(a).

2. Venue is proper in this district because all parties are located in, and the violations of law occurred in, Vermont.

### *Parties*

3. Plaintiff Marcel Cyr resides in Benson, Vermont with his spouse and two children.

4. Defendant Addison Rutland Supervisory Union (ARSU) is a school supervisory union headquartered in Fair Haven, Vermont.

5. ARSU comprises six public school districts in the towns of Benson, Castleton, Fair Haven, and Orwell.

6. At all relevant times, ARSU was and is a person acting under color of state law for purposes of 42 U.S.C. § 1983.

7. As a school supervisory union, ARSU is a public agency subject to the Public Records Act.  Vt. Stat. Ann. tit. 1, § 317(a)(2).

### Facts

8. Mr. Cyr makes his living as a facilities manager at an assisted living facility and retirement community.

9. Mr. Cyr and his spouse take an active role in their children's education, and attend their daughter's concerts, games, and plays at school.

10. Like others in the community, Mr. Cyr attends school board meetings to stay abreast of school business, and to offer his views to his elected school officials during the portions of the meetings devoted to public comment.

11. From 2011 to the present, Mr. Cyr has criticized school and supervisory union officials about special education and student harassment policies and practices, and has advocated for changes.

12. Mr. Cyr's advocacy stems in part from his efforts to obtain educational services for his son.

13. As part of that advocacy, Mr. Cyr has:

    1. spoken during the public comment portion of school board meetings,

    2. distributed printed material critical of school policies and educational results,

    3. expressed his views to friends and acquaintances via e-mail, and

    4. advocated for the defeat of the school budget by displaying yard signs to that effect before Town Meeting Day.

14. School and supervisory union officials have not reacted kindly to Mr. Cyr's criticism.

15. In March 2012, the Addison Rutland Supervisory Union served Mr. Cyr with a no-trespass order that forbids him from being present on any school property in the supervisory union for two years.  Attached as Appendix A.

16. If Mr. Cyr is present on any school property in the supervisory union, including when attending a board meeting or his child's concert, he can be arrested for trespass.  *See* Vt. Stat. Ann. tit. 13, § 3705(a).

17. The no-trespass order was issued without any prior notice to Mr. Cyr.

18. The supervisory union has refused to offer Mr. Cyr a meaningful hearing in which he may contest the no-trespass order's issuance.

19. When Mr. Cyr contacted the supervisory union to ask why he had been barred from school property, it told him that it had received a tip that he poses a danger to the schools.

20. The defendant refused to tell Mr. Cyr the basis for the tip.

21. Mr. Cyr has never been arrested or convicted of a crime, and is not on Vermont's sex offender, elder abuse, or child abuse registries.

22. Seeking more information about the ban, Mr. Cyr submitted a request to the defendant on April 4, 2012 pursuant to Vermont's Access to Public Records Act.  Attached as Appendix C.

23. The defendant requested ten days in which to respond to his request.  Attached as Appendix D.

24. Rather than comply with the Access to Public Records Act and respond to Mr. Cyr, however, the defendant sued him in the Vermont Superior Court, seeking a declaration that it need not disclose the requested information.

**Count 1: Violation of the First Amendment to the United States Constitution**

25. By excluding Mr. Cyr from all school property in the supervisory union, the defendant has impermissibly burdened his ability to express himself and participate in the political process, and has thereby violated the First Amendment.

**Count 2: Violation of the Fourteenth Amendment to the United States Constitution**

26. By issuing no-trespass orders in a way that creates a high risk of the erroneous deprivation of rights, and by issuing a no-trespass order that deprived Mr. Cyr of his rights without notice or a meaningful opportunity to be heard, the defendant has contravened the Fourteenth Amendment's guarantee of procedural due process.

**Count 3: Violation of the Access to Public Records Act**

27. By failing to respond to Mr. Cyr's records request in the manner and time specified by the Act, and by withholding responsive information acquired during the course of agency business absent an applicable exemption, the defendant has violated the Access to Public Records Act, Vt. Stat. Ann. tit. 1, §§ 315-320.

**Request for Relief**

28. Therefore, Mr. Cyr is entitled to have this Court:

    1. Declare that the defendant has violated his First and Fourteenth Amendment rights;

    2. Declare that the no-trespass order is a nullity, and that he may be present on school property without threat of arrest;

    3. Enjoin the defendant from enforcing the no-trespass order against him;

4. Enjoin the defendant from issuing any no-trespass orders to him without constitutionally sufficient notice and opportunity to be heard;

5. Enjoin the defendant from continuing to withhold the information requested by him;

6. Award him damages for the violations of his federal constitutional rights;

7. Order the defendant to reimburse him his reasonable costs and attorney's fees for prosecuting Counts 1 and 2 of this complaint as provided by 42 U.S.C. § 1988(b).

8. Order the defendant to reimburse him his reasonable costs and attorney's fees for prosecuting Count 3 of this complaint as provided by Vt. Stat. Ann. tit. 1, § 319(d);

9. and order any further relief as it deems necessary.

29. Mr. Cyr demands a jury trial on any disputed issues of material fact.

Respectfully submitted,

Dan Barrett
ACLU Foundation of Vermont
137 Elm Street
Montpelier, VT  05602
(802) 223-6304
dbarrett@acluvt.org

*Counsel for Marcel Cyr*
May 17, 2012

DB FOR :

Edwin L. Hobson
289 College Street
Burlington, VT 05401
(802) 863-2000
ted@tedhobson.com