UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

**Marcel Cyr**,
*Plaintiff*

*v.*                                                                                               Docket No. 12-cv-105

**Addison Rutland Supervisory Union**,
*Defendant*

### Plaintiff's Opposition to Motion to Dismiss

Plaintiff Marcel Cyr initiated this parallel action for vindication of his First and Fourteenth Amendment rights, and determination of a pendent state law claim, after the defendant preemptively sued him in the Vermont Superior Court. The defendant, the Addison Rutland Supervisory Union, has moved to dismiss [ECF # 7], claiming that its action for declaratory judgment in state court requires the Court to abstain from adjudicating Mr. Cyr's claims. Because this routine civil rights action does not seek to enjoin a state judicial proceeding and poses no exceptional circumstances implicating federal-state comity, neither of the abstention doctrines cited by the defendant apply here. Its motion must be denied.

I.      Facts[1]

Mr. Cyr resides in Benson, Vermont, and is the father of a student attending the Benson Village School. Since 2010, he has attended school board meetings at the school (which is a part of the Addison Rutland Supervisory Union) in order to see his elected officials at work and express his viewpoint during the public comment portion of the meetings. In March 2012, the defendant served him with a no-trespass order[2] after it allegedly received a tip that Mr. Cyr posed

---

1   For purposes of a motion to dismiss, the Court accepts all factual claims in the complaint as true, and draws all reasonable inferences in the plaintiff's favor. *E.g., Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 672 F.3d 155, 156 (2d Cir 2012).

2   Complaint App. A [ECF # 1-1]. The prohibition is styled as a "notice" rather than an "order." Because resolution of Count Two of his complaint will involve litigation of whether the defendant provided Mr. Cyr with sufficient notice and meaningful opportunity to be heard on the deprivation of his rights effected by the

a danger to the schools. The order forbids him to be on any school property in the supervisory union under pain of arrest and prosecution for trespassing, and therefore impedes his ability to attend and participate in school board meetings like any other member of the public. The supervisory union has not provided Mr. Cyr with a meaningful opportunity to be heard on its decision to strip him of his right to attend and participate in school board meetings.

When Mr. Cyr sent a state public records request to the defendant seeking information on its reasons for barring him from school property, the supervisory union asked for an additional ten days in which to respond to his request. Instead of responding to his request, it sued Mr. Cyr in the Vermont Superior Court, seeking a declaration that it need not turn over responsive records.

Mr. Cyr filed suit against the supervisory union in this Court before his responsive pleading was due in the state court, alleging that the supervisory union violated his First and Fourteenth Amendment rights by issuing the no-trespass order, and that it violated Vermont's Access to Public Records Act (APRA), Vt. Stat. Ann. tit. 1, §§ 315-319, by refusing to respond to his request and continuing to withhold information responsive to his request. He filed the identical contentions and requests for relief as counterclaims against the supervisory union in the state court a day later for the purpose of preserving them.[3] Mr. Cyr has not asked for an injunction to stop the state court proceeding or for a declaration that the state court proceeding is illegal.

In the Vermont Superior Court, Mr. Cyr has filed a motion to dismiss the supervisory union's claim against him on the basis that APRA reserves the exclusive right of action to the "person aggrieved by the denial of a request for public records." *Id.* § 319(a).[4] The motion is

---

prohibition, he will refer to it as an "order" to avoid the confusion of disputing the notice surrounding a notice.
3  Mr. Cyr's state court counterclaim is attached as Appendix A to this filing.
4  Mr. Cyr's state court motion to dismiss is attached as Appendix B to this filing.

pending.

In this Court, the supervisory union met Mr. Cyr's complaint with a motion to dismiss, claiming that the abstention doctrines created by *Younger v. Harris*, 401 U.S. 37 (1971), and *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), require the Court to stay or dismiss the action in deference to the superior court litigation. Mr. Cyr opposes the motion.

## II. Neither *Younger* nor *Colorado River* Provide the Court with the Discretion to Abstain from Hearing this Action

The defendant's motion turns on the "generally disfavored" doctrine of abstention, *Niagara Mohawk Power Corp. v. Hudson River - Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012). The abstention doctrine is a "narrow exception to the generally broad duty of federal courts to exercise jurisdiction" and permits this Court to refuse to hear a dispute over which it otherwise has jurisdiction. *Planned Parenthood of Dutchess-Ulster, Inc. v. Steinhaus*, 60 F.3d 122, 126 (2d Cir. 1995) (vacating abstention stay). This dispute does not come within that narrow exception. *Younger* has no application here because Mr. Cyr has not asked the Court to enjoin or declare illegal a state judicial proceeding. *Colorado River* does not apply, either, because this unexceptional parallel litigation poses none of the exceptional circumstances necessary to oust jurisdiction. "There is little, if any, discretion to abstain in a case which does not meet the requirements of a particular abstention principle," *Planned Parenthood*, 60 F.3d at 126, and the Court should accordingly deny the motion.

### A.      *Younger* Abstention Has No Relevance Where the Court is Not Being Asked to Enjoin a State Proceeding or Declare it Illegal

*Younger* does not forbid concurrent state and federal court litigation of the same claims, as the defendant intimates.  "The doctrine established by *Younger v. Harris* and its successors forbids federal courts *from enjoining ongoing state proceedings*." *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 100 (2d Cir. 2004) (emphasis added).  *Younger* is "inapplicable" to a parallel litigation in which the federal plaintiff "has not asked that any state proceeding be enjoined." *Williams v. Lambert*, 46 F.3d 1275, 1282 (2d Cir. 1995) (vacating stay).

"It is true, of course, that the federal court's disposition of such a case may well affect, or for practical purposes, pre-empt . . . a pending state court action.  But there is no doctrine that the availability or even the pendency of state judicial proceedings excludes the federal courts." *New Orleans Pub. Serv., Inc. v. City of New Orleans* (*NOPSI*), 491 U.S. 350, 373 (1989).  *Accord Lambert*, 46 F.3d at 1282 (explaining that the possibility of res judicata arising during parallel litigation "does not present the issues of state and federal comity with which *Younger* is concerned.").

None of Mr. Cyr's claims or requested relief here concern the superior court proceeding or seek to have this Court disrupt the superior court proceeding by enjoining it or declaring it to be illegal.  Mr. Cyr asks only that the legality of the *defendant's* actions be declared, that the *defendant's* unlawful procedures be enjoined, and that the *defendant* compensate him for flouting his rights.  Since Mr. Cyr makes no request here in respect to the superior court action, there is no basis for this Court to dismiss or stay his claims on the basis of *Younger.*

B.   **None of the *Colorado River* Factors Merit Abstention in Favor of the State Superior Court**

The supervisory union's invocation of *Colorado River* abstention is also misplaced. "To begin, there is nothing unusual about parallel litigation resolving similar controversies in both state and federal court." *Nazario-Lugo v. Caribevision Holdings, Inc.*, 670 F.3d 109, 114 (1st Cir. 2012) (reversing abstention dismissal). "[I]n exceptional circumstances," however, *Colorado River* permits this Court to decline to hear a case when doing so would conserve judicial resources and lead to the comprehensive resolution of a dispute simultaneously pending in two venues. 424 U.S. at 813, 817. A "careful balancing" of the applicable factors[5] identified by *Colorado River* as counseling abstention, "with the balance heavily weighted in favor of the exercise of jurisdiction," as required, *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983), reveals that this litigation poses none of the exceptional circumstances necessary to yield to the superior court.

First, the uncontested considerations: Mr. Cyr agrees with the defendant on the second and sixth factors. There is no difference in convenience between this Court and the superior court, and the procedures available in the Vermont courts are adequate to protect Mr. Cyr's federal rights. *See* Def.'s Mot. to Dismiss [ECF # 7] 12. However, the defendant reverses the import of equally-weighted factors. A court considering the *Colorado River* factors is not looking for "some substantial reason for the *exercise* of federal jurisdiction;" it is "ascertain[ing]

---

5   In determining whether *Colorado River* abstention is appropriate, a court considers:

(1) whether the controversy involves a res over which one of the courts has assumed jurisdiction, (2) whether the federal forum is less inconvenient than the other for the parties, (3) whether staying or dismissing the federal action will avoid piecemeal litigation, (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other, (5) whether federal law provides the rule of decision, and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

*Woodford v. Cmty. Action Agency of Greene County, Inc.*, 239 F.3d 517, 522 (2d Cir. 2001) (vacating stay) (internal citations omitted). Mr. Cyr's claims are all *in personam* rather than *in rem*, so the consideration of the first factor, whether a court "first assuming jurisdiction over property" should "exercise that jurisdiction to the exclusion of other courts," is irrelevant here. *Colorado River*, 424 U.S. at 818.

whether there exist exceptional circumstances, the clearest of justifications, that can suffice . . . to justify the surrender of that jurisdiction." *Moses H. Cone*, 460 U.S. at 25-26 (affirming reversal of abstention stay) (internal quotations omitted) (emphasis in original).  Hence, where a "factor is facially neutral, that 'is a basis for retaining jurisdiction, not for yielding it.'" *Niagara Mohawk*, 673 F.3d at 101 (quoting *Woodford*, 239 F.3d at 522 and reversing abstention dismissal).  The law of our Circuit therefore treats the facial neutrality of the second and sixth factors as bases for retaining federal jurisdiction, not for giving it away.

Similarly, "in terms of how much progress has been made in the two actions," there is no difference between the proceedings in the superior court and those here.  *Moses H. Cone*, 460 U.S. at 21.  Mr. Cyr's claims in this Court were filed one day before he filed the identical contentions as counterclaims in the state court action, and a motion to dismiss is pending in each forum.  The defendant suggests that this factor favors abstention, because it won the race to the courthouse by suing Mr. Cyr in state court "over a month prior" to his initiation of this action.  Def.'s Mot. to Dismiss [ECF # 7] 13.  But the third *Colorado River* factor "does not turn exclusively on the sequence in which the cases were filed." *Village of Westfield v. Welch's*, 170 F.3d 116, 122 (2d Cir. 1999) (vacating abstention stay).  The third factor turns on comparing relative progress made in each of the two cases, *Moses H. Cone*, 460 U.S. at 21, and "where there has been limited progress in a state court suit," as there has been here, "'the fact that the state action was commenced before the federal suit carries little weight.'" *Village of Westfield*, 170 F.3d at 122 (quoting *Andrea Theatres, Inc. v. Theatre Confections, Inc.*, 787 F.2d 59, 64 (2d Cir. 1986) (reversing abstention dismissal)).  The same progress has been made in the superior court action as has been here: one party has moved to dismiss, and the other has opposed.  The absence of greater progress in the state court makes the third factor neutral, and "again, under *Colorado River*, a neutral factor counsels against abstention." *Niagara Mohawk*, 673 F.3d at 102.

Nor does this action pose a risk of piecemeal litigation so as to point the third *Colorado River* factor towards abstention. The danger of piecemeal litigation arises in suits that threaten "inconsistent outcomes not preventable by principles of res judicata and collateral estoppel," *i.e.*, "where all of the potentially liable defendants are parties in one lawsuit, but in the other lawsuit, one defendant seeks a declaration of nonliability and the other potentially nonliable parties are not parties." *Woodford*, 239 F.3d at 524. No such dilemma will arise here: the parties are identical in both actions, as are the legal questions. One court's final judgment on one or all of the claims will preclude the other, but so be it. *NOPSI*, 491 U.S. at 373; *Lambert*, 46 F.3d at 1282. *See Niagara Mohawk*, 673 F.3d at 102 (parallel litigation between identical parties "does not present such a risk of inconsistency" as to necessitate abstention).

The final factor, "whether federal law provides the rule of decision" in the parallel litigation, also fails to provide "the clearest of justifications" for abstention here. *Moses H. Cone*, 460 U.S. at 23, 26. "[T]he presence of federal-law issues must always be a major consideration weighing against surrender" of federal court jurisdiction. *Id.* at 26. *See also Village of Westfield*, 170 F.3d at 124 (explaining that the existence of federal claims "strongly advises exercising federal jurisdiction"). Federal law controls Mr. Cyr's First and Fourteenth Amendment claims, and his open records count is a routine state law claim over which this Court exercises supplemental jurisdiction. The latter does not swallow the former and require the Court to defer to the state superior court on Mr. Cyr's federal constitutional claims.

To be sure, there are instances in which "the presence of state-law issues may weigh in favor" of abstention, but they are "rare circumstances." *Moses H. Cone*, 460 U.S. at 26. In the event that a federal court has before it an issue of "state law whose interpretation . . . is unclear," the "difficulty of decision is an insufficient ground for federal abstention." *In re Joint Eastern and Southern Dist. Asbestos Litigation*, 78 F.3d 764, 776 (2d Cir. 1996) (reversing order

abstaining on question of Maryland law). As it does every day when sitting in diversity or adjudicating pendent state law claims, this Court resolves unsettled questions of state law by "determin[ing] what it believes the state's highest court would find if the issue were before it." *Id.* (internal quotation omitted). *Cf. Nazario-Lugo*, 670 F.3d at 118 ("It is appropriate that the [*Moses H. Cone* 'rare circumstances'] rule is narrow; after all, there is nothing extraordinary about federal courts being called upon to analyze the law of different jurisdictions.").

This action does not present the rare circumstance of a state law claim whose difficulty or centrality overshadows the federal claims and tips the fifth *Colorado River* factor towards abstention. Mr. Cyr's federal claims do not turn on the interpretation of state law, or in any way depend upon the resolution of his lone state claim – the claims merely arise from the same occurrences. At any rate, if the Court were to conclude that the state law claim here is too novel, it possesses the discretion to certify the question to the Vermont Supreme Court, D. Vt. Local R. 74(b)(1)(A), or to decline jurisdiction over it. 28 U.S.C. § 1367(c)(1). But the existence of his pendent state law claim, alone, does not tip the fifth factor towards depriving Mr. Cyr's federal constitutional claims of a federal forum. *See, e.g., Niagara-Mohawk* 673 F.3d at 103 (holding that presence of state constitutional claims alongside federal statutory claims does not tip fifth factor in favor of abstention); *In re Bank of Am. Corp. Securities, Derivative, and ERISA Litig.*, 757 F. Supp. 2d 260, 345-346 (S.D.N.Y. 2010) (same where federal securities claims within large class action "favors exercising federal jurisdiction" notwithstanding similar number of state law claims). *Cf. Pruett v. Harris County Bail Bond Bd.*, 499 F.3d 403, 408 n.2 (5th Cir. 2007) ("[W]e rarely abstain from ruling on federal constitutional law.").

In this case, none of the *Colorado River* factors present the Court with "exceptional circumstances . . . not generally present as a result of parallel litigation" justifying abstention here. *Royal & Sun Alliance Ins. Co. of Canada v. Century Int'l Arms, Inc.*, 466 F.3d 88, 93 (2d

Cir. 2006) (reversing dismissal granted in deference to Canadian proceeding).  The motion to dismiss must be denied.

**III.	Conclusion**

Because Mr. Cyr has not asked this Court to enjoin or declare illegal a state judicial proceeding, and because this litigation poses no exceptional circumstances necessitating deference to the state courts, the defendant's motion to dismiss is unfounded and must be denied.

    /s/ Dan Barrett
Dan Barrett
ACLU Foundation of Vermont
137 Elm Street
Montpelier, VT  05602
(802) 223-6304
dbarrett@acluvt.org

*Counsel for Marcel Cyr*
June 18, 2012

    /s/ Ted Hobson
Edwin L. Hobson
289 College Street
Burlington, VT 05401
(802) 863-2000
ted@tedhobson.com

...

**CERTIFICATE OF SERVICE**

I certify that I have served the above upon the following individuals by filing it on the Court's CM/ECF electronic filing system:

Pietro Lynn
Lynn, Lynn & Blackman, P.C.
76 St. Paul Street, Suite 400
Burlington, VT 05401
(802) 860-1500
plynn@lynnlawvt.com

   /s/ Dan Barrett
Dan Barrett
ACLU Foundation of Vermont
137 Elm Street
Montpelier, VT 05602
(802) 223-6304
dbarrett@acluvt.org

*Counsel for Marcel Cyr*
June 18, 2012