UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| MARCEL CYR, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Docket#: 2:12-cv-00105-wks |
| | ) | |
| ADDISON RUTLAND | ) | |
| SUPERVISORY UNION, | ) | |
|     Defendant. | ) | |
| | ) | |

## MOTION TO QUASH

NOW COMES Defendant, the Addison Rutland Supervisory Union ("ARSU"), by and through its attorneys, Lynn, Lynn & Blackman, P.C., and hereby moves to quash the subpoena directed to the Benson Village School, a member school of the ARSU.  In support of its motion, the ARSU submits the following memorandum of law.

### Memorandum of Law

Defendant ARSU has yet to file an Answer in the present case.  After a disagreement concerning the need to file a Stipulated Discovery Schedule/Order with the Court prior to the Answer, the ARSU consented to Plaintiff filing a proposed schedule.  On November 9, 2012, the Court informed the parties that the proposed Discovery Schedule was premature under Local Rule 26(a)(2), which provides for 45 days after the Answer is filed to file a Discovery Schedule.

Despite this clear message from the Court concerning the discovery schedule, Plaintiff has attempted to circumvent the process and order production of documents through the use of subpoenas under F.R.C.P. 45.  Plaintiff issued subpoenas dated November 14, 2012, to the Benson Village School, a member school of the ARSU, and to Dr. Nancy Cotton, a non-party.  The compliance date is December 5, 2012.  The subpoena to

1

the Benson Village School, attached hereto, directs it "to produce and permit inspection and/or copying of the following electronically stored information, books, papers, documents, or tangible things in your possession, custody, or control[.]"  It is indistinguishable from a discovery request to produce under Rules 26 and 34.

Because discovery is premature given the posture of the case and the absence of a discovery schedule, the ARSU respectfully requests that the Court quash the subpoena to the Benson Village School, a party to this case.

I. **Plaintiff is not yet entitled to discovery under the local and federal rules.**

As correctly noted by the Court, under Local Rule 26(a), the Answer precedes discovery.  Furthermore, under F.R.C.P. 26(d), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order."  *See Alston v. Parker*, 363 F.3d 229, 236 n.11 (3d Cir. 2004) ("Rule 26(d) provides that discovery is not to commence until a discovery conference has occurred pursuant to Rule 26(f), which the District Court here did not schedule."); *Willis v. Town Of Marshall, N.C.*, 426 F.3d 251, 264 n.5 (4th Cir. 2005). *See also Apple Inc. v. Samsung Electronics Co., Ltd.*, 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011) (explaining the process for expedited discovery by court order).

Here, the ARSU has not answered the Complaint and there is no Discovery Schedule or court order for expedited discovery.  As such, Plaintiff is not yet entitled to discovery and the Court should quash the subpoena.

II. **Plaintiff may not use a subpoena to circumvent the discovery schedule.**

Because of the comprehensive rules governing discovery between the parties, including the timelines set forth under those rules, the use of a subpoena against party is generally disfavored.  As explained by the Court in *Burns v. Bank of Am.*, 03 CIV.1685 RMB

JCF, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007), while "the rule [45] does not, by its terms, prohibit the service of subpoenas upon parties to an action. . . . subpoenas under Rule 45 are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34."  The Court further explained that"'[I]f documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness [pursuant to Rule 45].'" *Burns*, 2007 WL 1589437 at *14  (citing *Hasbro*, 168 F.R.D. at 100 (quoting Wright & Miller, Federal Practice and Procedure § 2204) (alterations in original)).

The issue in *Burns* was the use of a subpoena after the expiration of discovery deadlines, and many cases confirm that such use is prohibited.  *See Dodson v. CBS Broad.*, Inc., 02 CIV. 9270(KMW)(AJ, 2005 WL 3177723 (S.D.N.Y. Nov. 29, 2005) ("Rule 45 [t]rial subpoenas [duces tecum ] may not be used, however, as means to engage in discovery after the discovery deadline has passed.") (and cases cited); *Eng v. Blood*, 9:04-CV-1146 NAMGHL, 2008 WL 2788894, *10 (N.D.N.Y. July 17, 2008).

Here, the analogous situation is the use of a subpoena <u>before</u> the existence of a Discovery Schedule.  Just as a subpoena cannot be used to extend the discovery schedule, it should not used to request documents ahead of the existence of a schedule and before the other party is entitled to discovery.

Rule 45 is understood as a form of discovery that must be viewed within the framework of the other discovery rules, particularly Rules 26 and 34.  *See generally*, Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2452 [Relation of Rule 45 to the Discovery Rules] (3d ed.).  *See Connecticut Mut Life Ins Co v. Shields*, 17 F.R.D. 273, 275-76 (S.D.N.Y. 1955) (citing 4 Moore's Fed.Practice (2d Ed.) 1053–1054).  *See also Rice v. U.S.*, 164 F.R.D. 556

3

(D.C.Okl.1995) (subpoena duces tecum is "discovery" within meaning of Rule 26 and within meaning of case management order providing discovery deadline).

Here, Plaintiff attempts to circumvent the discovery process between the parties through the use of a Rule 45 subpoena duces tecum instead of a request to produce under Rule 34 made consistent with final Discovery Schedule/Order. Accordingly, the Court should quash the subpoena and require that the parties commence discovery after the issuance of the Discovery Schedule/Order.

### Conclusion

For the foregoing reasons, the ARSU respectfully requests that the Court quash the subpoena served on the Benson Village School.

DATED at Burlington, Vermont, this 28th day of November, 2012.

                                        ADDISON RUTLAND
                                        SUPERVISORY UNION

                                        By: /s/ Pietro J. Lynn
                                              Pietro J. Lynn, Esq.
                                              Lynn, Lynn & Blackman, P.C.
                                              Attorneys for Defendant
                                              76 St. Paul Street, Suite 400
                                              Burlington, VT  05401
                                              802-860-1500

c.    Edwin L. Hobson, Esq.
      Dan Barrett, Esq.